3. No defendant testified before the Grand Jury.

  4. The NCIC record of the defendant will be provided.

  5. Documents the government will be using at trial may be inspected by making an appointment with undersigned counsel.

  6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). At this time, undersigned counsel is unaware of any Brady information.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). At this time, undersigned counsel is unaware of any Giglio information.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. At this time, undersigned counsel does not intend to call any such witnesses at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No contraband is involved in this indictment.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  The government at this time does not anticipate that it will be using an expert witness at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference, the government will seek written stipulations to agreed facts in this

case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was as specified in the indictment.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

STEVEN R. PETRI
Assistant United States Attorney
Federal Bar No. A5500048
500 East Broward Blvd.
Suite 700
Fort Lauderdale FL 33394
Tel. #: 954-356-7255 Ext. 3599

cc: Special Agent Ricky Hicks,
    Secret Service

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 20th day of February 2002, to Robert Adler, Assistant Federal Public Defender, 400 Australian Ave. N., Suite 300, West Palm Beach, Florida 33401.

                                                _____
                                                STEVEN R. PETRI
                                                Assistant United States Attorney

# WARNING AND CONSENT TO SPEAK

## WARNING OF RIGHTS

You must understand your rights before we ask you any questions.

You have the right to remain silent.

Anything you say can be used against you in court, or other proceedings.

You have the right to talk to a lawyer for advice before we question you and to have him with you during questioning.

If you cannot afford a lawyer and want one, a lawyer will be appointed for you by the court. If you decide to answer questions now without a lawyer present, you will still have the right to stop the questioning at any time. You also have the right to stop the questioning at any time until you talk to a lawyer.

I have read this statement of my rights and it has been read to me, and I understand what my rights are.

Date __05/08/00__

Time __11:05 A.M__

Signature

## WAIVER

I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or force of any kind has been used against me. I hereby voluntarily and intentionally waive my right to remain silent and my right to have an attorney at this time. I am willing to make a statement and answer questions.

Date __05/08/00__

Time __11:05 A.M__

Signature

## CERTIFICATION

I hereby certify that the foregoing Warning of Rights and Waiver were read by me to the above signatory, and that he also read it and has affixed his signature hereto in my presence.

Witness

Signature

Witness

UNITED STATES SECRET SERVICE                                       SSF 1737B (1/83)

File: 51-770-47018-S

City of Miami
County of Miami Dade
State of Florida

I, Adebukola Schopade, have been advised by Special Agent R. Hicks / C. Lopez, United States Secret Service, that I am not under arrest and free to terminate this interview at will. I hereby make the following voluntary statement in order to provide the facts in this matter as they are known to me:

I met Biodun Williams through my Uncle Larry Abimbola. He then asked me if I wanted to make some extra money by opening a couple of bank accounts. I went to take the photographs at a photo store on 183rd St and 27th Avenue. We then provided a guy named Rope the pictures and he made the false I.D.'s. I then went to open the accounts at Nations Bank and Citibank on 4/26/00. The accounts names are under Shannon Eggleton and Kim Mabe, and the information was provided to me by Biodun Williams.
I also rented an apartment in the name of Kimberly Hessel. The reason why I did this is because I have bad credit and I knew I could not get an apartment using my real name. I got Kimberly Hessels information from a former co-worker named Stacy Johnson, who knows a guy named David who works with American Express. I no longer have the apartment, it was given to someone else.

*A.S.*

I have read the entire statement above consisting of __2__ pages and I have been given an opportunity to make corrections. All facts contained herein are true to the best of my knowledge.

_____

Signed and sworn to me before this __8__ day of __May__, ~~19~~ __2000__ .

_____
Special Agent, U.S. Secret Service

Witnessed: _____