cda

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6327-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ADEBUKOLA SHOPADE,

    Defendant.

_____/



### DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE

Defendant, Adebukola Shopade, through undersigned counsel, files the following objections to the presentence investigation report (PSI) and moves for a downward departure, based on the following:

1. Defendant objects to paragraph 21 of the PSI in that the current guidelines are more favorable to Defendant. U.S.S.G. § 2B1.1 applies to Defendant. Her base offense level is six and there are no specific offense increases, leaving a total offense level of six.

2. Defendant objects to paragraph 27 of the PSI in that the U.S.S.G. § 3C1.2 enhancement does not apply to her. See *United States v. Cook,* 181 F.3d 1232 (11th Cir. 1999).

3. Defendant objects to paragraph 30 of the PSI on the basis that a downward departure is appropriate to take into account the period of imprisonment that Ms. Shopade spent in regard to serving her federal sentence reflected in paragraph 34 of the PSI. That case also involved a fraud offense. At the time that case was being settled in Chicago, the parties attempted to have the instant

case transferred to the Northern District of Illinois for a concurrent settlement. However, the transfer could not be effectuated. Now, Ms. Shopade is faced with serving additional time for what is, in essence, a related case. In other words, if this case had been successfully transferred to the Northern District of Illinois, Ms. Shopade's guidelines would have only been minimally affected and she would have already have finished her federal sentence for both cases. Now she is facing an additional period of incarceration due to the mere fortuity of the unsuccessful transfer.

4. Although U.S.S.G. § 5G1.3 does not technically apply to Ms. Shopade in that her federal sentence for the Northern District of Illinois case has been discharged, a downward departure is warranted based upon the underlying policy of that guideline section. The Supreme Court has noted that the overall purpose of § 5G1.3 is "to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." *Witt v. United States,* 515 U.S. 389, 405 (1995). In *Witt*, the court stated:

> There are often valid reasons why related crimes committed by the same defendant are not prosecuted in the same proceeding, and § 5G1.3 of the Guidelines attempts to achieve some coordination of sentence imposed in such situations with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (i.e., had all of the offenses been prosecuted in a single proceeding). See U.S.S.G. § 5G1.3, comment., n. 3

Thus, in *United States v. Kiefer,* 20 F.3d 874, 875-76 (8th Cir. 1994), the court held that a sentencing court has authority under § 5G1.3 to grant a defendant credit on a federal sentence for all the time served before the federal sentencing, in state custody on a related state charge. See, also, *United States v. Descally,* 254 F.3d 1328 (11th Cir. 2001).

5. In the case at bar, it would be appropriate for this Court to depart downward from the applicable sentencing guidelines by granting Ms. Shopade credit for the time that she spent in regard

to her previous incarceration for the Northern District of Illinois charge. This would effectuate the purpose of § 5G1.3 as delineated by the Supreme Court in *Witt.*

6. Lastly, such a departure would also implement the recently proposed amendment to § 5G1.3, which amendment adds the following language: "In the case of a discharged term of imprisonment, a downward departure is not prohibited if subsection (b) would have applied to the term of imprisonment had the term been undischarged. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense."

WHEREFORE, Defendant, Adebukola Shopade, submits the above objection to the PSI and motion for downward departure.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Robert E. Adler
  Assistant
Federal Public Defender
Attorney for Defendant
Florida Bar No. 259942
400 Australian Avenue, Suite 300
West Palm Beach, FL 33401
TEL:(561) 833-6288/FAX:(561) 833-0368

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed this __30__ day of May, 2002, to Assistant United States Attorney Steven R. Petri, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, FL 33301; and to United States Probation Officer Sheila Parsons, c/o 701 South Clematis Street, West Palm Beach, FL.

_____
Robert E. Adler